B1 (Official Form 1)(4/10)

# United States Bankruptcy Court
## District of Delaware

**Voluntary Petition**

| | |
|---|---|
| **Name of Debtor** (if individual, enter Last, First, Middle):<br>**Palm Harbor GenPar, LLC** | Name of Joint Debtor (Spouse) (Last, First, Middle): |
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN<br>(if more than one, state all)<br>**75-2960198** | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN<br>(if more than one, state all) |
| Street Address of Debtor (No. and Street, City, and State):<br>**15303 Dallas Parkway, Suite 800**<br>**Addison, TX**<br>ZIP Code **75001** | Street Address of Joint Debtor (No. and Street, City, and State):<br>ZIP Code |
| County of Residence or of the Principal Place of Business:<br>**Dallas** | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):<br>ZIP Code | Mailing Address of Joint Debtor (if different from street address):<br>ZIP Code |
| Location of Principal Assets of Business Debtor<br>(if different from street address above): | |

### Type of Debtor
(Form of Organization)
(Check one box)

- ☐ Individual (includes Joint Debtors)
  *See Exhibit D on page 2 of this form.*
- ☒ Corporation (includes LLC and LLP)
- ☐ Partnership
- ☐ Other (If debtor is not one of the above entities, check this box and state type of entity below.)

### Nature of Business
(Check one box)

- ☐ Health Care Business
- ☐ Single Asset Real Estate as defined in 11 U.S.C. § 101 (51B)
- ☐ Railroad
- ☐ Stockbroker
- ☐ Commodity Broker
- ☐ Clearing Bank
- ☒ Other

### Tax-Exempt Entity
(Check box, if applicable)

- ☐ Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code).

### Chapter of Bankruptcy Code Under Which the Petition is Filed (Check one box)

- ☐ Chapter 7
- ☐ Chapter 9
- ☒ Chapter 11
- ☐ Chapter 12
- ☐ Chapter 13
- ☐ Chapter 15 Petition for Recognition of a Foreign Main Proceeding
- ☐ Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding

### Nature of Debts
(Check one box)

- ☐ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."
- ☒ Debts are primarily business debts.

### Filing Fee (Check one box)

- ☒ Full Filing Fee attached
- ☐ Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.
- ☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B.

### Chapter 11 Debtors

Check one box:
- ☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).
- ☒ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).

Check if:
- ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,343,300 *(amount subject to adjustment on 4/01/13 and every three years thereafter)*.

Check all applicable boxes:
- ☐ A plan is being filed with this petition.
- ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

### Statistical/Administrative Information

- ☒ Debtor estimates that funds will be available for distribution to unsecured creditors.
- ☐ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

THIS SPACE IS FOR COURT USE ONLY

**Estimated Number of Creditors**

| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | OVER 100,000 |
|---|---|---|---|---|---|---|---|---|---|
| ☐ | ☐ | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |

**Estimated Assets**

| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|
| ☒ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |

**Estimated Liabilities**

| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|
| ☒ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |

# Voluntary Petition

*(This page must be completed and filed in every case)*

Name of Debtor(s): **Palm Harbor GenPar, LLC**

| All Prior Bankruptcy Cases Filed Within Last 8 Years (If more than two, attach additional sheet) |||
|---|---|---|
| Location Where Filed: **- None -** | Case Number: | Date Filed: |
| Location Where Filed: | Case Number: | Date Filed: |

| Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor (If more than one, attach additional sheet) |||
|---|---|---|
| Name of Debtor: **See Attachment** | Case Number: | Date Filed: |
| District: | Relationship: | Judge: |

### Exhibit A

(To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.)

☐ Exhibit A is attached and made a part of this petition.

### Exhibit B

(To be completed if debtor is an individual whose debts are primarily consumer debts.)

I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I delivered to the debtor the notice required by 11 U.S.C. §342(b).

X _____
　Signature of Attorney for Debtor(s)　　　　(Date)

### Exhibit C

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.

■ No.

### Exhibit D

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☐ Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

☐ Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition.

### Information Regarding the Debtor - Venue
(Check any applicable box)

☐ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

■ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐ Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

### Certification by a Debtor Who Resides as a Tenant of Residential Property
(Check all applicable boxes)

☐ Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐ Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐ Debtor has included in this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐ Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

| Voluntary Petition | Name of Debtor(s): |
|---|---|
| *(This page must be completed and filed in every case)* | **Palm Harbor GenPar, LLC** |

## Signatures

### Signature(s) of Debtor(s) (Individual/Joint)

I declare under penalty of perjury that the information provided in this petition is true and correct.
[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7. [If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. §342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
Signature of Debtor

X _____
Signature of Joint Debtor

_____
Telephone Number (If not represented by attorney)

_____
Date

### Signature of Attorney*

X **/s/ Christopher A. Ward**
Signature of Attorney for Debtor(s)

**Christopher A. Ward 3877**
Printed Name of Attorney for Debtor(s)

**POLSINELLI SHUGHART PC**
Firm Name

**222 Delaware Avenue, Suite 1101**
**Wilmington, DE 19801**

Address

**(302) 252-0920  Fax: (302) 252-0921**
Telephone Number

**November 29, 2010**
Date

*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

### Signature of Debtor (Corporation/Partnership)

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X **/s/ Brian E. Cejka**
Signature of Authorized Individual

**Brian E. Cejka**
Printed Name of Authorized Individual

**Chief Restructuring Officer**
Title of Authorized Individual

**November 29, 2010**
Date

### Signature of a Foreign Representative

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only one box.)

☐ I request relief in accordance with chapter 15 of title 11. United States Code. Certified copies of the documents required by 11 U.S.C. §1515 are attached.

☐ Pursuant to 11 U.S.C. §1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

X _____
Signature of Foreign Representative

_____
Printed Name of Foreign Representative

_____
Date

### Signature of Non-Attorney Bankruptcy Petition Preparer

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

_____
Printed Name and title, if any, of Bankruptcy Petition Preparer

_____
Social-Security number (If the bankrutpcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.)(Required by 11 U.S.C. § 110.)

_____
Address

X _____

_____
Date

Signature of Bankruptcy Petition Preparer or officer, principal, responsible person, or partner whose Social Security number is provided above.

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both 11 U.S.C. §110; 18 U.S.C. §156.*

In re   **Palm Harbor GenPar, LLC**                                              ,   Case No. _____
                                          Debtor

# FORM 1. VOLUNTARY PETITION
# Pending Bankruptcy Cases Filed Attachment

| Name of Debtor / District | Case No. / Relationship | Date Filed / Judge |
|---|---|---|
| **Nationwide Homes, Inc.**<br>**Delaware** | **Affiliate** | **11/29/10** |
| **Palm Harbor Albemarle, LLC**<br>**Delaware** | **Affiliate** | **11/29/10** |
| **Palm Harbor Homes, Inc.**<br>**Delaware** | **Affiliate** | **11/29/10** |
| **Palm Harbor Manufacturing, LP**<br>**Delaware** | **Affiliate** | **11/29/10** |
| **Palm Harbor Real Estate, LLC**<br>**Delaware** | **Affiliate** | **11/29/10** |

**WRITTEN CONSENT
OF THE
SOLE MEMBER
OF
PALM HARBOR GENPAR, LLC**

**November 28, 2010**

Pursuant to the provisions of Section 101.359 of the Texas Business Organizations Code and the Regulations of the Company, the undersigned, being the sole member (the "Member") of Palm Harbor GenPar, LLC (the "Company") hereby declares that when it has signed this consent, the following resolutions shall be consented to, approved and adopted to the same extent and have the same force and effect as if adopted at a meeting of the member duly called and held for the purpose of acting upon a proposal to adopt such resolutions:

WHEREAS, the Member reviewed the materials presented by the management and the advisors of the Company regarding the liabilities and liquidity situation of the Company, the strategic alternatives available to it and the impact of the foregoing on the Company's businesses and members;

WHEREAS, the Member has had the opportunity to consult with the management and the advisors of the Company and fully consider each of the strategic alternatives available to the Company;

**Appointment of Chief Restructuring Officer**

**RESOLVED**, that Brian Cejka is appointed Chief Restructuring Officer ("CRO"), who shall report to the Company's President and who shall act as one of the Company's officers and who is empowered, both individually and in concert with the Company's President, with all decision-making authority relating to the Company and who may take all actions necessary or appropriate to carry out the intent and to accomplish the purposes of these Resolutions, including, but not limited to, preparing the Company for a chapter 11 bankruptcy filing and to serve as an Authorized Officer (as defined below); and

**Voluntary Petition Under the Provisions of Chapter 11 of the United States Bankruptcy Code**

**RESOLVED**, that in the judgment of the Member of the Company, it is desirable and in the best interests of the Company, its creditors and other parties in interest that the Company file or cause to be filed a voluntary petition for relief under the provisions of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"); and

**RESOLVED**, that the Companies' President and the CRO (collectively, the "Authorized Officers"), acting alone or in concert with the other Authorized Officer, be, and they hereby are, authorized and empowered to execute and file on behalf of the Company all petitions, schedules, lists, motions, applications, pleadings and other papers or documents as necessary to commence

the case and obtain chapter 11 relief, including but not limited to motions to obtain the use of cash collateral and provide adequate protection therefor and to obtain debtor in possession financing (as provided for below), and to take any and all further acts and deeds that they deem necessary, proper and desirable in connection with the chapter 11 case, with a view to the successful prosecution of such case; and

**RESOLVED**, that the Authorized Officers be, and they hereby are, authorized and directed to employ the law firm of Locke Lord Bissell & Liddell LLP as general bankruptcy counsel to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations, including filing any pleadings; and in connection therewith, the Authorized Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers to and cause to be filed an appropriate application for authority to retain the services of Locke Lord Bissell & Liddell LLP; and

**RESOLVED**, that the Authorized Officers be, and they hereby are, authorized and directed to employ the law firm of Polsinelli Shughart P.C. as co-counsel to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations, including filing any pleadings; and in connection therewith, the Authorized Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers to and cause to be filed an appropriate application for authority to retain the services of Polsinelli Shughart P.C.; and

**RESOLVED**, that the Authorized Officers be, and they hereby are, authorized and directed to employ the firm of Raymond James and Associates, Inc. as investment banker to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, the Authorized Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers to and cause to be filed an appropriate application for authority to retain the services of Raymond James and Associates, Inc.; and

**RESOLVED**, that the Authorized Officers be, and they hereby are, authorized and directed to employ the firm of BMC Group, Inc. as noticing, claims and balloting agent to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, the Authorized Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers to and cause to be filed an appropriate application for authority to retain the services of BMC Group, Inc.; and

**RESOLVED**, that the Authorized Officers be, and they hereby are, authorized and directed to employ the firm of Alvarez & Marsal North America, LLC as financial advisor to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith the Authorized Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers to and cause to be filed appropriate applications for authority to retain the services of Alvarez & Marsal North America, LLC; and

**RESOLVED,** that the Authorized Officers be, and they hereby are, authorized and directed to employ any other professionals to assist the Company in carrying out its duties under the Bankruptcy Code, including, without limitation, a liquidator; and in connection therewith, the Authorized Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers to and cause to be filed an appropriate application for authority to retain the services of any other professionals as necessary; and

### Debtor in Possession Financing

**RESOLVED,** that the form, terms and provisions of the Debtor-In-Possession Revolving Credit Agreement (as amended, modified, restated or supplemented prior to the date hereof) (the "<u>DIP Loan Agreement</u>," and together with each other document, instrument or agreement executed by the Company in connection therewith the "<u>DIP Loan Documents</u>"), with Fleetwood Homes, Inc. ("<u>Fleetwood</u>"), in substantially the form submitted to the Member, be, and the same hereby are in all respects approved, and that any Authorized Officer or other officer of the Company is hereby authorized and empowered, in the name of and on behalf of the Company, to execute and deliver each of the DIP Loan Documents to which the Company is a party, each in the form or substantially in the form thereof submitted to the Member of the Company, with such changes, additions and modifications thereto as the officer of the Company executing the same shall approve, such approval to be conclusively evidenced by such officer's execution and delivery thereof; and

**RESOLVED,** that the Company, as debtor and debtor in possession under the Bankruptcy Code shall be, and hereby is, authorized to: incur the Obligations (as defined in the DIP Loan Documents) and undertake any and all related transactions contemplated thereby (collectively, the "<u>Financing Transactions</u>"); and

**RESOLVED,** that the Authorized Officers of the Company be, and each of them, acting alone, hereby is authorized, directed and empowered from time to time in the name and on behalf of the Company to take any and all such actions, and to execute and deliver or cause to be executed and delivered under seal of the Company or otherwise, any and all such other documents, agreements, certificates, writings and instruments to be delivered in connection with the DIP Loan Documents (including, without limitation, any amendments, supplements or modifications to the DIP Loan Documents and such other documents, agreements (including, without limitation, security agreements, mortgages and guarantees), certificates, writings and instruments to be delivered in connection therewith), and to grant the security interests in or liens on any real or personal property of the Company now or hereafter acquired as contemplated by the DIP Loan Documents, with full authority to indorse, assign or guarantee any of the foregoing in the name of the Company, in each case, as any such officer may deem necessary or advisable to carry out the intent and purposes of the immediately foregoing resolution, and his or her execution and delivery thereof to be conclusive evidence that he or she deems in necessary or advisable, his or her execution and delivery thereof to be conclusive evidence of his or her authority, to so act and his or her approval thereof; and

**RESOLVED**, that the Authorized Officers be, and they hereby are, authorized and directed, and each of them, acting alone, hereby is, authorized, directed and empowered in the name of, and on behalf of, the Company, as debtor and debtor in possession, to take such actions and execute and deliver (a) the DIP Loan Documents and such agreements (including, without limitation, security agreements, mortgages and guarantees), certificates, instruments, notices and any and all other documents as the Authorized Officers may deem necessary or appropriate to facilitate the Financing Transactions (collectively, the "Financing Documents"); (b) such other instruments, certificates, notices, assignments and documents as may be reasonably requested by Fleetwood; and (c) such forms of deposit and securities account control agreements, officer's certificates and compliance certificates as may be required by the DIP Loan Documents or any other Financing Document; and

**RESOLVED**, that the Authorized Officers and each other officer of the Company be, and each of them hereby is, authorized and empowered to authorize Fleetwood to file any Uniform Commercial Code (the "UCC") financing statements and any necessary assignments for security or other documents in the name of the Company that Fleetwood deems necessary or convenient to perfect any lien or security interest granted under the DIP Loan Documents, including any such UCC financing statement containing a super-generic description of collateral, such as "all assets," "all property now or hereafter acquired" and other similar descriptions of like import, and to execute and deliver, and to record or authorize the recording of, such mortgages and deeds of trust in respect of real property of the Company and such other filings in respect of intellectual and other property of the Company, in each case as Fleetwood may reasonably request to perfect the security interests of Fleetwood under the DIP Loan Documents; and

**RESOLVED**, that each of the Authorized Officers be, and hereby is, authorized and empowered to take all such further actions including, without limitation, to pay all fees and expenses, in accordance with the terms of the Financing Documents, which shall in their sole judgment be necessary, proper or advisable to perform the Company's obligations under or in connection with the DIP Loan Documents or any of the other Financing Documents and the transactions contemplated therein and to carry out fully the intent of the foregoing resolutions; and

**RESOLVED**, that each of the Authorized Officers be, and hereby is, authorized and empowered to execute and deliver any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions and extensions of the DIP Loan Documents or any of the Financing Documents which shall in their sole judgment be necessary, proper or advisable; and

**RESOLVED**, that all acts and actions taken by the Authorized Officers prior to the date hereof with respect to the transactions contemplated by the DIP Loan Documents and any of the other Financing Documents be, and hereby are, in all respects confirmed, approved and ratified; and

## The Proposed Restructuring

**RESOLVED,** that in the judgment of the Member, it is desirable and in the best interests of the Company, its creditors, and other parties in interest, that the Company conduct a sale process (the "Sale Process") for the sale of all or part of the assets of the Company in conjunction with the chapter 11 plan confirmation process;

**RESOLVED,** that in the judgment of the Member, it is desirable and in the best interests of the Company, its creditors, stockholders, and other parties in interest, that the Company enter into the Asset Purchase Agreement (the "Asset Purchase Agreement" and together with each other document, instrument or agreement executed by the Company in connection therewith, the "Restructuring Documents") with Palm Harbor Homes, Inc., a Delaware corporation who is an affiliate of Cavco Industries, Inc. (the "Purchaser");

**RESOLVED,** that each of the Authorized Officers be, and hereby is, authorized and empowered to take all such further actions including, without limitation, to pay all fees and expenses, in accordance with the terms of the Asset Purchase Agreement, including, without limitation, the fees and expenses, all as defined in the Restructuring Documents, which shall in their sole judgment be necessary, proper or advisable to perform the Company's obligations under or in connection with the Asset Purchase Agreement or any of the other Restructuring Documents and the transactions contemplated therein and to carry out fully the intent of the foregoing resolutions; and

**RESOLVED,** that each of the Authorized Officers be, and hereby is, authorized and empowered to execute and deliver any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions and extensions of the Asset Purchase Agreement or any of the Restructuring Documents which shall in their sole judgment be necessary, proper or advisable; and

**RESOLVED,** that all acts and actions taken by the Authorized Officers prior to the date hereof with respect to the transactions contemplated by the Asset Purchase Agreement and any of the Restructuring Documents be, and hereby are, in all respects confirmed, approved and ratified; and

## Further Actions and Prior Actions

**RESOLVED,** that in addition to the specific authorizations heretofore conferred upon the Authorized Officers, each of the Authorized Officers of the Company or their designees shall be, and each of them, acting alone, hereby is, authorized, directed and empowered, in the name of, and on behalf of, the Company, to take or cause to be taken any and all such further actions, to execute and deliver any and all such agreements, certificates, instruments and other documents and to pay all expenses, including filing fees, in each case as in such officer or officers' judgment shall be necessary or desirable to fully carry out the intent and accomplish the purposes of the Resolutions adopted herein; and

**RESOLVED,** that all acts, actions and transactions relating to the matters contemplated by the foregoing Resolutions done in the name of and on behalf of the Company, which acts would have been approved by the foregoing Resolutions except that such acts were taken before these resolutions were certified, are hereby in all respects approved and ratified.

*[Signature page follows.]*

DAL:0041347/00313:1975196v1

IN WITNESS WHEREOF, the undersigned sole member of the Company has executed this Written Consent as of the date first above written.

MEMBER:

PALM HARBOR HOMES, INC.,
a Florida corporation

_____
Larry H. Keener, President and Chief Executive Officer

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| PALM HARBOR GENPAR, LLC, | ) | Case No. 10-_____ (___) |
| | ) | |
| Debtor. | ) | Joint Administration Pending |
| | ) | |

## CONSOLIDATED LIST OF CREDITORS HOLDING 30 LARGEST UNSECURED CLAIMS

Following is the list of the debtor's creditors holding the 30 largest unsecured claims. The list is prepared in accordance with Fed. R. Bankr. P. 1007(d) for filing in this chapter 11 [*or* chapter 9] case. The list does not include (1) persons who come within the definition of "insider" set forth in 11 U.S.C. § 101, or (2) secured creditors unless the value of the collateral is such that the unsecured deficiency places the creditor among the holders of the 30 largest unsecured claims. If a minor child is one of the creditors holding the 30 largest unsecured claims, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See 11 U.S.C. § 112; Fed. R. Bankr. P. 1007(m).

| (1) | (2) | (3) | (4) | (5) |
|---|---|---|---|---|
| *Name of creditor and complete mailing address including zip code* | *Name, telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted* | *Nature of claim (trade debt, bank loan, government contract, etc.)* | *Indicate if claim is contingent, unliquidated, disputed, or subject to setoff* | *Amount of claim [if secured, also state value of security]* |
| CONVERTIBLE BONDS<br>c/o American Stock Transfer & Trust Company<br>59 Maiden Lane<br>New York, New York 10038 | c/o American Stock Transfer & Trust Company<br>59 Maiden Lane<br>New York, New York 10038 | Debt | | $54,719,981 |
| UNIVERSAL FOREST PRODUCTS<br>P.O. Box 201768<br>Dallas, Texas 75320 | Phone: 503-226-6240<br>Fax: 503-981-9509<br>P.O. Box 201768<br>Dallas, Texas 75320 | Trade Payable | | $2,592,550 |
| WESCO DISTRIBUTION, INC.<br>P.O. Box 676780<br>Dallas, Texas 75267 | Phone: 972-919-3726<br>Fax: 972-919-3774<br>P.O. Box 676780<br>Dallas, Texas 75267 | Trade Payable | | $1,664,646 |
| LASALLE BRISTOL LP<br>P.O. Box 98<br>Elkhart, Indiana 46515 | Phone: 574-295-4400<br>Fax: 574-295-5290<br>P.O. Box 98<br>Elkhart, Indiana 46515 | Trade Payable | | $761,008 |
| KINRO, INC.<br>P.O. Box 910886<br>Dallas, Texas 75391 | Phone: 574-535-1125<br>Fax: 574-534-3475<br>P.O. Box 910886<br>Dallas, Texas 75391 | Trade Payable | | $553,144 |

| (1) | (2) | (3) | (4) | (5) |
|---|---|---|---|---|
| *Name of creditor and complete mailing address including zip code* | *Name, telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted* | *Nature of claim (trade debt, bank loan, government contract, etc.)* | *Indicate if claim is contingent, unliquidated, disputed, or subject to setoff* | *Amount of claim [if secured, also state value of security]* |
| GE APPLIANCES<br>307 N. Hurstbourne Pkwy<br>Louisville, Kentucky 40222 | Attn: Verdie Newman<br>Phone 502-339-3350<br>Fax: 800-772-6704<br>307 N. Hurstbourne Pkwy<br>Louisville, Kentucky 40222 | Trade Payable | | $503,729 |
| ATLANTIC SERVICE & SUPPLY<br>6525 Baker Blvd.<br>Ft. Worth, Texas 76118 | Phone: 817-589-1265<br>Fax: 817-284-7211<br>6525 Baker Blvd.<br>Ft. Worth, Texas 76118 | Trade Payable | | $425,067 |
| BLUELINX CORPORATION<br>P.O. Box 536455<br>Atlanta, Georgia 30353 | Phone: 770-953-7000<br>Fax: 770-612-8170<br>P.O. Box 536455<br>Atlanta, Georgia 30353 | Trade Payable | | $422,581 |
| BBC DISTRIBUTION, LLC<br>2649 Momentum Place<br>Chicago, Illinois 60689 | Phone: 817-284-3706<br>Fax: 817-284-3426<br>2649 Momentum Place<br>Chicago, Illinois 60689 | Trade Payable | | $397,100 |
| SHAW INDUSTRIES, INC.<br>P.O. Box 100232<br>Atlanta, Georgia 30384 | Phone: 800-742-9872<br>Fax: 706-428-8205<br>P.O. Box 100232<br>Atlanta, Georgia 30384 | Trade Payable | | $340,080 |
| MASCO<br>Builder Cabinet Group<br>Lock Box 534569<br>Atlanta, Georgia 30353 | Phone: 517-263-0771<br>Fax: 440-632-5648<br>Builder Cabinet Group<br>Lock Box 534569<br>Atlanta, Georgia 30353 | Trade Payable | | $312,348 |
| BOISE CASCADE BLDG. MATERIALS<br>Dept. 0640<br>P.O. Box 120001<br>Dallas, Texas 75312 | Phone: 208-384-6161<br>Fax: 208-384-3612<br>Dept. 0640<br>P.O. Box 120001<br>Dallas, Texas 75312 | Trade Payable | | $280,145 |
| LONE STAR WHEEL COMPONENTS, INC.<br>P.O. Box 531<br>Corsicana, Texas 75151 | Phone: 903-654-1132<br>Fax: 903-654-1137<br>P.O. Box 531<br>Corsicana, Texas 75151 | Trade Payable | | $275,226 |
| GERDAU AMERISTEEL<br>#774278<br>4278 Solutions Center<br>Box 774278<br>Chicago, Illinois 60677 | Phone: 800-637-8144<br>Fax: 813-207-2319<br>4278 Solutions Center<br>Box 774278<br>Chicago, Illinois 60677 | Trade Payable | | $239,704 |
| DIMA, JOE<br>6505 Diamond Mill Road<br>Germantown, Ohio 45327 | Phone: 937-271-6308<br>6505 Diamond Mill Road<br>Germantown, Ohio 45327 | Trade Payable | | $237,717 |
| WOODGRAIN MILLWORK, INC.<br>P.O. Box 202637<br>Dallas, Texas 75320 | Phone: 800-452-3801<br>Fax: 208-452-3800<br>P.O. Box 202637<br>Dallas, Texas 75320 | Trade Payable | | $195,289 |

| (1) | (2) | (3) | (4) | (5) |
|---|---|---|---|---|
| *Name of creditor and complete mailing address including zip code* | *Name, telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted* | *Nature of claim (trade debt, bank loan, government contract, etc.)* | *Indicate if claim is contingent, unliquidated, disputed, or subject to setoff* | *Amount of claim [if secured, also state value of security]* |
| ELIXIR INDUSTRIES<br>Texas & California Division<br>24800 Chrisanta Drive<br>Mission Viejo, Calif.  92691 | Phone:  800-421-1942<br>Fax:  949-860-5011<br>Texas & California Division<br>24800 Chrisanta Drive<br>Mission Viejo, Calif.  92691 | Trade Payable | | $163,355 |
| VANGUARD MODULAR BUILDING SYSTEMS<br>3 Great Valley Parkway<br>Malvern, Pennsylvania  19355 | Phone:  610-232-2922<br>Fax:  484-244-5065<br>3 Great Valley Parkway<br>Malvern, Pennsylvania  19355 | Trade Payable | | $184,012 |
| PACO STEEL & ENGINEERING CORP.<br>P.O. Box 80039<br>City of Industry, Calif.  91716 | Phone:  310-537-6375<br>Fax:  310-608-1112<br>P.O. Box 80039<br>City of Industry, California  91716 | Trade Payable | | $158,372 |
| GISEBURT, GREG<br>5896 Los Arcos Way<br>Buena Park, California  90620 | Phone:  714-826-4718<br>5896 Los Arcos Way<br>Buena Park, California  90620 | Trade Payable | | $156,323 |
| DMH, INC.<br>3802  24th Avenue<br>Forest Grove, Oregon  97116 | Phone:  503-357-5613<br>Fax:  503-268-1663<br>3802  24th Avenue<br>Forest Grove, Oregon  97116 | Trade Payable | | $153,107 |
| OWENS CORNING SALES, INC.<br>Dept. 844160<br>Dallas, Texas  75284 | Phone:  419-248-7252<br>Fax:  419-325-0935<br>Dept. 844160<br>Dallas, Texas  75284 | Trade Payable | | $150,323 |
| ELLIS CONSULTING, INC.<br>5909 West Loop South<br>Suite 660<br>Bellaire, Texas  77401 | Phone: 713-592-0207<br>Fax: 713-592-6112<br>5909 West Loop South<br>Suite 660<br>Bellaire, Texas  77401 | Service | | $139,358 |
| PATRICK INDUSTRIES, INC.<br>P.O. Box 73467<br>Chicago, Illinois  60673 | Phone:  503-981-3105<br>Fax:  503-982-9301<br>P.O. Box 73467<br>Chicago, Illinois  60673 | Trade Payable | | $137,486 |
| CRADDOCK DAVIS & KRAUSE LLP<br>3100 Monticello Avenue<br>Suite 550<br>Dallas, Texas  75205 | Phone:  214-750-3550<br>Fax:  214-750-3551<br>3100 Monticello Avenue<br>Suite 550<br>Dallas, Texas  75205 | Trade Payable | | $137,335 |
| RUSCIO, MARIO<br>8443 Kinglet Drive, Lot 61<br>Englewood, Florida  34224 | Phone:  416-677-4621<br>8443 Kinglet Drive, Lot 61<br>Englewood, Florida  34224 | Trade Payable | | $134,803 |
| RUSCIO, CAESAR<br>8461 Kinglet Drive, Lot 64<br>Englewood, Florida  34224 | Phone:  705-436-7059<br>8461 Kinglet Drive, Lot 64<br>Englewood, Florida  34224 | Trade Payable | | $133,551 |
| ABC SUPPLY CO.<br>901 E. St. Johns<br>Austin, Texas  78752 | Phone: 512-454-0400<br>Fax: 512-454-0408<br>901 E. St. Johns<br>Austin, Texas  78752 | Trade Payable | | $132,258 |

| (1) | (2) | (3) | (4) | (5) |
|---|---|---|---|---|
| *Name of creditor and complete mailing address including zip code* | *Name, telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted* | *Nature of claim (trade debt, bank loan, government contract, etc.)* | *Indicate if claim is contingent, unliquidated, disputed, or subject to setoff* | *Amount of claim [if secured, also state value of security]* |
| TELL MANUFACTURING, INC.<br>207 Bucky Drive<br>Lititz, Pennsylvania  17543 | Phone:  717-625-2990<br>Fax:  717-625-7095<br>207 Bucky Drive<br>Lititz, Pennsylvania  17543 | Trade Payable | | $130,148 |
| BCI-BASIC COMPONENTS<br>1201 South Second Avenue<br>Mansfield, Texas  76063 | Phone:  817-473-7224<br>Fax:  817-473-3388<br>1201 South Second Avenue<br>Mansfield, Texas  76063 | Trade Payable | | $125,118 |

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| PALM HARBOR GENPAR, LLC, | ) | Case No. 10-_____ (___) |
| | ) | |
| Debtor. | ) | Joint Administration Pending |
| | ) | |

## CERTIFICATION CONCERNING CONSOLIDATED LIST OF CREDITORS HOLDING 30 LARGEST UNSECURED CLAIMS

I, the undersigned officer of the debtor and debtor in possession (the "Debtor") in the above-captioned case, hereby certify under penalty of perjury that I have read the foregoing Consolidated List of Creditors Holding 30 Largest Unsecured Claims[1] and that it is complete and to the best of my knowledge correct and consistent with the Debtor's books and records.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: November 29, 2010

                                                      /s/ *Brian E. Cejka*
                                                      By:  Brian E. Cejka
                                                      Title: Chief Restructuring Officer

---

[1] The foregoing Consolidated List of Creditors Holding 30 Largest Unsecured Claims may include creditors of any of the debtors listed in Form 1 to the foregoing petition (the "Debtors").

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| PALM HARBOR GENPAR, LLC, | ) | Case No. 10-_____ (___) |
| | ) | |
| Debtor. | ) | Joint Administration Pending |
| | ) | |

## CERTIFICATION CONCERNING CREDITOR MATRIX

I, the undersigned officer of the debtor and debtor in possession (the "Debtor") in the above-captioned case, hereby certify under penalty of perjury that I have read the Consolidated Creditor Matrix submitted concurrently herewith and that it is complete and to the best of my knowledge correct and consistent with the Debtor's books and records.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: November 29, 2010

                                                     /s/ *Brian E. Cejka*
                                              By: Brian E. Cejka
                                              Title: Chief Restructuring Officer

<b>IN THE UNITED STATES BANKRUPTCY COURT<br>FOR THE DISTRICT OF DELAWARE</b>

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| PALM HARBOR GENPAR, LLC, | ) | Case No. 10-_____ (___) |
| | ) | |
| Debtor. | ) | Joint Administration Pending |
| | ) | |

<b><u>LIST OF EQUITY SECURITY HOLDERS</u></b>

Following is the list of the Debtor's equity security holders prepared in accordance with Federal Rule of Bankruptcy Procedure 1007(a)(3).

| Name of Equity Security Holder | Last Known Address or Place of Business of Equity Security Holder | Number and Kind of Units Held | Percentage of Total Equity |
|---|---|---|---|
| Palm Harbor Homes, Inc. | 15303 Dallas Parkway Suite 800 Addison, Texas 75001 | | 100% |

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| PALM HARBOR GENPAR, LLC, | ) | Case No. 10-_____ (___) |
| | ) | |
| Debtor. | ) | Joint Administration Pending |
| | ) | |

## CERTIFICATION CONCERNING EQUITY SECURITY HOLDERS

I, the undersigned officer of the debtor and debtor in possession (the "<u>Debtor</u>") in the above-captioned case, hereby certify under penalty of perjury that I have read the foregoing <u>List of Equity Security Holders</u> and that it is complete and to the best of my knowledge correct and consistent with the Debtor's books and records.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: November 29, 2010

                                                /s/ *Brian E. Cejka*
                                           By:  Brian E. Cejka
                                           Title: Chief Restructuring Officer